# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TONI A. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-0859 |
| v. ) | |
| ) | JUDGE NIXON |
| KYOWA AMERICA ) | MAGISTRATE JUDGE GRIFFIN |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER # 1

**A. JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. § 451, 1331, 1337 and 1343, 42 U.S.C. 2000e-5, and supplemental jurisdiction under 28 U.S.C. § 1367.

**B. BRIEF THEORIES OF THE PARTIES:**

**1) PLAINTIFF:**

Plaintiff is a female hired by the Defendant ("Defendant" or "Kyowa") through a temporary placement agency and began working at Kyowa on July 23, 2012. During her employment Plaintiff witnessed and was subjected to sexual harassment by a male supervisor. Plaintiff reported this harassment to a Human Resources representative. No investigation into the supervisor's harassment was conducted. After reporting there instances of sexual harassment to Human Resources, Plaintiff faced the threat of being terminated when she was told she was going to be transferred out of her current department because of her "problem" with the supervisor who was sexually harassing her. However, there were no openings available in any other department. Therefore Plaintiff was forced to accept a third shift position in her current department so that she could remain employed. But on September 7, 2012 Plaintiff was told her assignment at Kyowa was being terminated.

1

Plaintiff maintains that she was terminated due to her gender, female, and his complaints of sexual harassment.

2) **DEFENDANT:**

Kyowa supports a Company-wide policy prohibiting discrimination, harassment, and retaliation of any kind and denies engaging in any unlawful conduct toward Plaintiff.

Plaintiff was an employee of Sumner Employment Exchange ("Sumner") - an employee staffing company located in Portland, Tennessee. Sumner assigned her to work at Kyowa on a temporary basis beginning in July 2012. She worked as an inspector in Kyowa's Paint department, with others assigned to work at Kyowa by Sumner - including John Troutt. Troutt worked at Kyowa as an hourly shift lead in the Paint department. Shift leads did not have the authority to make employment decisions - e.g. hiring, firing, transfer, demotion, or promotion - with respect to Kyowa or Sumner personnel.

On Wednesday, September 5, 2012, Plaintiff told Kyowa Staffing Coordinator Rachel Vaughn that Troutt had touched her waist. In response, Vaughn promptly reported Plaintiff's concerns to Plaintiff's (and Troutt's) employer, Sumner. She also reported Plaintiff's concerns to Kyowa's Production Manager and to Kyowa's Human Resources department. Her concerns were fully investigated and determined to be unfounded. Troutt adamantly denied ever touching Plaintiff's waist (or otherwise touching her in an inappropriate manner or engaging in any inappropriate conduct towards Plaintiff or any other female working at Kyowa). During the pendency of the investigation, Sumner chose to reassign Plaintiff to another shift and she agreed to this reassignment. Ultimately, Sumner decided to terminate Plaintiff's assignment at Kyowa.

Plaintiff filed an EEOC charge in November 2012, alleging discrimination and retaliation based on the fact that Troutt "put his hands on [her]," and that Sumner subsequently reassigned

11848789.1

her and ultimately terminated her assignment with Kyowa. During the EEOC conciliation process, Plaintiff entered into a confidential settlement agreement with Sumner in the amount of $2,500.00, resolving all of the allegations raised in the Charge and giving Sumner and perhaps Kyowa a release of all claims. Kyowa maintains that Plaintiff's claims herein are, therefore, barred by the doctrine of accord and satisfaction, that Kyowa is entitled to a set-off, and that Sumner is an indispensable party.

    C.  **ISSUES RESOLVED**: Jurisdiction and venue.

    D.  **ISSUES STILL IN DISPUTE**: Liability and damages.

    E.  **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 16, 2014**.

    F.  **DISCOVERY**: The parties shall propound all written discovery and depose all fact witnesses on or before **January 12, 2014.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Griffin.

    G.  **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before **October 2, 2014**.

    H.  **DISCLOSURE OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **October 2, 2014**. The defendant shall identify and disclose all expert witnesses and reports on or before **November 3, 2014**.

    I.  **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before **February 12, 2015**.

**J. JOINT MEDIATION REPORT**: The parties shall file a joint mediation report on or before **January 8, 2015**.

**K. DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before – **March 12, 2015**. Responses to dispositive motions shall be filed within twenty-eight (28) days after filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages absent leave of the Court.

**L. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M. ESTIMATED TRIAL TIME**: The parties expect the trial to last approximately 2-3 days.

It is so **ORDERED.**

_____
MAGISTRATE JUDGE JULIET GRIFFIN

APPROVED FOR ENTRY:

Allman & Associates


/s/  Andy L. Allman
Andy L. Allman, (BPR # 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761 x203
Facsimile:  (615) 264-2720
andylallman@comcast.net

*Attorney for Plaintiff*


/s/ Maralee M. Downey
Waverly D. Crenshaw, Jr. (BPR # 9942)
Maralee M. Downey (BPR # 30531)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (telephone)
(615) 244-6804 (facsimile)
waverly.crenshaw@wallerlaw.com
marti.downey@wallerlaw.com

*Attorneys for Defendant*