IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONI A. HUNT )
 ) No. 3-14-0859
v. )
 )
KYOWA AMERICA CORPORATION )

O R D E R

Counsel for the parties called the Court on September 3, 2014, at which time the following matters were addressed:

1. The plaintiff shall make a settlement demand by September 5, 2014, to which the defendant shall respond within one week. The parties shall continue to engage in settlement discussions thereafter.

2. A settlement conference is scheduled on **Wednesday, October 29, 2014, beginning at 10:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Counsel for the parties and the plaintiff shall attend the settlement conference, along Connie Clark, who defendant's counsel represented has full settlement authority to resolve this case. For the purposes of this case, full settlement authority means that she has full settlement authority up to the last demand made by the plaintiff, that she does not need authority from any other individual or entity to enter into any settlement agreement, and that she has total independent authority to enter into any settlement.[1]

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

---

[1] The parties are advised that, unless otherwise specifically ordered, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

3. By **3:00 p.m. on Wednesday, October 22, 2014,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Christopher Call, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits of the case.

    a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of the strengths and weaknesses of her position.

    b) Defendant's statement shall contain an assessment of its position and exposure in this case, and the respective strengths and weaknesses of defendant's position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their respective theories.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding further, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid by the defendant in a settlement of the case and all other related terms and conditions of such a settlement.

7) The statement shall include the maximum amount the defendant may be willing to pay and the minimum amount the plaintiff may be willing to accept.[2]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

9) Each statement shall contain counsel's representation that he has read and complied with this order.

4. Counsel for the parties shall convene a telephone conference call with the Court on **Thursday, October 23, 2014, at 3:00 p.m.,** to be initiated by defendant's counsel, to address any matters that the parties and/or the Court may have with regard to the conduct of the settlement conference.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.